**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

DAVID A. MEJIAS,                                                          **22-cv-06605**

           Plaintiff,                                              **COMPLAINT**

   -against-

ONE BOERUM DEVELOPMENT
PARTNERS LLC and FIRSTSERVICE
RESIDENTIAL NEW YORK, INC.,

           Defendants.
-----------------------------------------------------------X

     Plaintiff, DAVID A. MEJIAS ("Plaintiff"), by and through his attorneys, THE NHG LAW

GROUP, P.C., as and for his Complaint against Defendants, ONE BOERUM DEVELOPMENT

PARTNERS LLC ("One Boerum") and FIRSTSERVICE RESIDENTIAL NEW YORK, INC.

("FSR") (collectively, "Defendants"), respectfully alleges as follows:

## JURISDICTION AND VENUE

     1.    Plaintiff brings this action under the Family and Medical Leave Act ("FMLA"), 29

U.S.C. Section 2601 *et seq.*, to recover damages he has suffered as a result of Defendants'

interference with and retaliation for asserting his FMLA rights, among other forms of relief sought.

     2.    Jurisdiction over Plaintiff's FMLA claims is based upon 28 U.S.C. Section 1331

and 29 U.S.C. Section 2617.

     3.    Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a

substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

     4.    Plaintiff is an adult male who resides in the State of New York.

5.      Upon information and belief, One Boerum is a domestic limited liability company duly organized and existing under the laws of the State of New York.

6.      Upon information and belief, FSR is a domestic corporation duly organized and existing under the laws of the State of New York.

**FACTS**

7.      Upon information and belief, One Boerum and FSR manage a residential apartment building located at 1 Boerum Place, Brooklyn, New York 11201.

8.      Upon information and belief, One Boerum and FSR maintain a headquarters located at 622 Third Avenue, New York, New York 10017.

9.      Upon information and belief, One Boerum and FSR are part of a single integrated enterprise that jointly employed Plaintiff.

10.      Upon information and belief, One Boerum and FSR's operations are interrelated and unified.

11.      Upon information and belief, One Boerum and FSR share common management, are centrally controlled, and share common ownership.

12.      Upon information and belief, One Boerum and FSR share employees, equipment, and supplies.

13.      Upon information and belief, One Boerum and FSR maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

14.      One Boerum and FSR had substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

15.     One Boerum and FSR are covered employers within the meaning of the FMLA and, at all relevant times, jointly employed Plaintiff.

16.     Defendants employed Plaintiff as a building superintendent at their jointly managed residential apartment building located at 1 Boerum Place, Brooklyn, New York 11201.

17.     Defendants employed Plaintiff from May 24, 2021 until June 2, 2022.

18.     Defendants employed Plaintiff for at least twelve (12) months prior to him requesting protected leave.

19.     Plaintiff worked at least one-thousand two-hundred fifty (1,250) hours during the previous twelve (12) months of his employment.

20.     Upon information and belief, at all relevant times to this action, Defendants, individually or jointly, employed more than fifty (50) employees each workday during at least twenty (20) workweeks during the applicable year.

21.     On or about early-January 2022, Plaintiff notified JOSE RODRIGUEZ ("Rodriguez"), FSR's Property Manager and one of Plaintiff's supervisors, that his wife was due to give birth approximately June 21, 2022 and informed him that he would need to take time off from work to care for his wife and child.

22.     Between January 2022 and mid-May 2022, Plaintiff made repeated requests for paternity leave to Rodriguez and ROBERT ROSSETTO ("Rossetto"), FSR's Senior Vice President of Multifamily Rental Division and another of Plaintiff's supervisors.

23.     On May 25, 2022, Plaintiff updated Rodriguez that his wife was now due to give birth on June 14, 2022 and that he would need paternity leave thereafter.

24.     At no time was Plaintiff given any information about FMLA leave or encouraged to submit a leave request pursuant to the FMLA, despite the fact that Defendants were well-aware of Plaintiff's need to take protected leave for the birth and care of his child.

25.     Defendants knew that Plaintiff's child was due to be born on or about June 14, 2022.

26.     Instead of providing Plaintiff with protected leave, on June 2, 2022, just two (2) weeks prior to the birth of Plaintiff's child on June 14, 2022, Defendants terminated his employment.

27.     Defendants terminated Plaintiff's employment because Plaintiff requested paternity leave, which was covered by the FMLA.

28.     Defendants terminated Plaintiff's employment because Plaintiff was entitled to and sought up to twelve (12) weeks of protected leave, which they did not want to give him.

29.     At all times relevant to this action, Defendants failed to post notifications and/or posters regarding their employees' FMLA rights in the workplace.

30.     At no time was Plaintiff ever given any of the notifications required pursuant to the FMLA nor was he provided any information regarding his rights pursuant to the FMLA.

31.     Defendants' actions were a violation of Plaintiff's FMLA rights and constitute interference, discrimination, and retaliation.

32.     Defendants would not have terminated Plaintiff but for his requests for paternity leave, which is protected under the FMLA.

33.     Plaintiff was entitled to the rights and benefits of the FMLA, including protected leave for up to twelve (12) weeks, and Defendants failed to make him aware of his rights under the law.

34.     As a result of Defendants' discriminatory and intolerable treatment of Plaintiff, he has suffered and continues to suffer the loss of income, the loss of salary, bonuses, benefits, and other compensation, as well as future pecuniary and non-pecuniary losses.

35.     Defendants acted intentionally and intended to harm Plaintiff.

36.     As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands liquidated and punitive damages, as applicable by law, as against all Defendants.

**AS AND FOR A FIRST CAUSE OF ACTION**
**VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT**
**29 U.S.C. § 2601 *ET SEQ.***
**INTERFERENCE AND RETALIATION**

37.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

38.     Section 2612 of the FMLA entitles, in pertinent part, eligible employees to a total of twelve (12) workweeks of leave during any twelve-month period because of the birth of a son or daughter of the employee and in order to care for such son or daughter. 29 U.S.C. 2612(a)(1)(A).

39.     As alleged herein, Plaintiff was a covered employee under the FMLA.

40.     As alleged herein, Defendants were a covered employer under the FMLA.

41.     As alleged herein, Plaintiff was entitled to a total of twelve (12) workweeks of leave because of the birth of his child and in order to care for such child.

42.     Section 2615 of the FMLA states, "It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. 2615(a)(1).

43.     Section 2615 of the FMLA further states, "It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." 29 U.S.C. 2615(a)(2).

44.     Pursuant to the FMLA and the Regulations pertaining thereto, upon an employee's request to take FMLA leave, or upon an employer acquiring knowledge that an employee's leave may be for an FMLA-qualifying reason, the employer must notify the employee of the employee's eligibility to take FMLA leave within five business days, absent extenuating circumstances (the "Eligibility Notice"). 29 C.F.R. § 825.300(b).

45.     Pursuant to the FMLA and the Regulations pertaining thereto, an employer is required to provide, along with the Eligibility Notice, a written notice detailing the specific expectations and obligations of the employee and explaining any consequences of a failure to meet these obligations (the "Rights and Responsibilities Notice"). 29 C.F.R. § 825.300(c).

46.     Pursuant to the FMLA and the Regulations pertaining thereto, when an employer has enough information to determine whether the leave is being taken for a FMLA-qualifying reason, the employer is required to designate leave as FMLA-qualifying, and to give notice of the designation to the employee as provided in this section within five business days, absent extenuating circumstances (the "Designation Notice"). 29 C.F.R. § 825.300(d).

47.     Pursuant to the FMLA and the Regulations pertaining thereto, an employer's failure to follow the aforementioned notice requirements constitutes an interference with, restraint, or denial of the exercise of an employee's FMLA rights. 29 C.F.R. § 825.300(e).

48.     As alleged herein, Plaintiff provided notice to Defendants of his need to take leave because of the birth of his child and in order to care for such child.

49.     By the above-alleged conduct, Defendants acquired knowledge that Plaintiff's leave may be for an FMLA-qualifying reason when Plaintiff requested paternity leave.

50.     By the above-alleged conduct, Defendants unlawfully denied Plaintiff benefits to which he was entitled under the FMLA by failing to provide Plaintiff with an Eligibility Notice, a Rights and Responsibilities Notice, and/or a Designation Notice within the time required by the FMLA and the regulations pertaining thereto.

51.     By the above-alleged conduct, Defendants unlawfully denied Plaintiff benefits to which he was entitled under the FMLA by failing to inform or notify Plaintiff of any of his rights pursuant to the FMLA.

52.     By the above-alleged conduct, Defendants unlawfully denied Plaintiff benefits to which he was entitled under the FMLA by interfering with Plaintiff's actual or impending protected status under the FMLA by failing to provide such notices to Plaintiff.

53.     By the above-alleged conduct, Defendants unlawfully denied Plaintiff benefits to which he was entitled under the FMLA by interfering with Plaintiff's actual or impending protected status under the FMLA by failing to provide him with up to twelve (12) weeks of protected leave in order to care for his newborn child.

54.     By the above-alleged conduct, Defendants unlawfully denied Plaintiff benefits to which he was entitled under the FMLA by terminating him after he informed his supervisor that he needed protected leave to care for his newborn child.

55.     By the above-alleged conduct, Defendants unlawfully denied Plaintiff benefits to which he was entitled under the FMLA by terminating him when he attempted to use protected leave to which he was legally entitled under the FMLA.

56.     Defendants have acted willfully and either knew that their conduct violated the FMLA or have shown a reckless disregard for the matter of whether their conduct violated the FMLA.

57.     Defendants have not acted in good faith with respect to the conduct alleged herein.

58.     As a result of Defendants violations of the FMLA, Plaintiff has incurred and will continue to incur harm and loss in an amount to be determined at trial and is entitled to recover from Defendants lost wages, lost salary, lost employment benefits, interest at the prevailing rate, liquidated damages, reasonable attorneys' fees, reasonable expert witness fees, and costs incurred in prosecuting this action. 29 U.S.C. § 2617(a).

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff requests a trial by jury on his claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through his attorneys, THE NHG LAW GROUP, P.C., demands judgment against Defendants and in favor of Plaintiff, for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A.      Declaring Defendants' conduct to be in violation of Plaintiff's rights under the Family and Medical Leave Act, 29 U.S.C. Section 2601 *et seq.*;

B.      Awarding Plaintiff lost wages, back-pay, front-pay, pre-judgment interest, lost fringe benefits, compensatory damages, liquidated damages, costs, and attorney's fees for Defendants' willful violations of the FMLA.

C.    Awarding Plaintiff such other, further, and/or different relief as to this Court deems

just and proper.

Dated:  Massapequa, New York
        October 31, 2022

                                        THE NHG LAW GROUP, P.C.


                                        By: Keith E. Williams, Esq.
                                        *Attorneys for the Plaintiff*
                                        4242 Merrick Road
                                        Massapequa, New York 11758
                                        Tel: 516.228.5100
                                        keith@nhglaw.com
                                        nhglaw@nhglaw.com